# IN THE COURT OF APPEALS OF IOWA

No. 22-0984
Filed May 10, 2023

**STATE OF IOWA,**
    Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR JASPER COUNTY,**
    Defendant.
_____

Certiorari to the Iowa District Court for Jasper County, Brad McCall, Judge.


The State petitioned for certiorari, challenging a district court order that found the Iowa Department of Corrections improperly removed an inmate from the sexual offender treatment program. **WRIT SUSTAINED.**


Brenna Bird, Attorney General, and Andrew Dufflemeyer, Assistant Attorney General, for plaintiff.

Augustus Stoy, Newton, self-represented defendant.


Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**SCHUMACHER, Presiding Judge.**

The State petitioned for certiorari, challenging a district court order that overturned an administrative law judge's (ALJ) determination that the Iowa Department of Corrections (DOC) was justified when it removed Augustus Stoy from the sexual offender treatment program (SOTP). The State claims the district court improperly supplanted the ALJ's decision. We find the district court erred by overturning the ALJ determination. Accordingly, we sustain the writ of certiorari.

## I.       Background Facts & Proceedings

Stoy was convicted in 2010 of various offenses including second-degree burglary and sexual abuse in the third degree. He was sentenced to twenty-nine years in prison. As a part of his sentence, Stoy was required to complete SOTP. Failure to complete SOTP would prevent Stoy from accruing credit to reduce his sentence. *See* Iowa Code § 903A.2(a)(2) (2010).

Stoy began the program in September 2020. Before beginning SOTP, he had to sign a contract that, as relevant here, required the following:

> 1. **Honesty/responsibility—**I must be completely honest. I must take full responsibility for my actions. That includes all my current and past crimes and behaviors.
> . . . .
> 4. **Expectations—**I must follow the following treatment rules:
> > . . . .
> > (d) **Disclosures—**I will complete all disclosure documents on time. . . . If I am not honest or do not take full responsibility for my actions in my disclosures, then staff may remove me from SOTP.

The treatment director, Craig Andrew, removed Stoy from the program on May 10, 2021, based on his determination that Stoy violated the treatment contract by minimizing his actions and behaving dishonestly. In detailing his rationale,

Andrew highlighted the incongruity between Stoy's assertions that he did not remember most of the relevant details of his offense due to his intoxication while also affirmatively denying details obtained from the victim.

An ALJ conducted a hearing on September 7 to review Stoy's removal from SOTP. The ALJ largely agreed with Andrew's assessment. As a result, the ALJ affirmed Stoy's removal from the program. Stoy then filed an application for postconviction relief (PCR), challenging the ALJ's determination. The district court reversed the ALJ. The court pointed to an event log that tracked Stoy's actions in the program, which generally credited Stoy for his engagement with SOTP. The district court also opined, "While the prison officials might not like it that [Stoy] has no present recollection of details related to his crime, there is no factual basis in the record from which [Stoy's] lack of recollection may be disputed."

The State petitioned for writ of certiorari. Stoy filed a resistance and also asked for a temporary restraining order or preliminary injunction. Our supreme court granted the writ and denied Stoy's request for a restraining order.[1]

## II.    Standard of Review

We review this certiorari proceeding for correction of errors at law, asking whether the district court acted illegally. *State v. Iowa Dist. Ct.*, ___ N.W.2d ___, ___, 2023 WL 3028128, at *2 (Iowa 2023). "Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.* (citation omitted).

---

[1] Stoy filed a pro se appellee brief in this case. Stoy did not cross-file for certiorari or otherwise cross-appeal, so we are limited to the issues raised in the State's petition for certiorari and brief, or arguably, an alternative ground to annul the writ if preserved below.

## III. Discussion

The State contends the district court improperly supplanted the ALJ's findings. "An ALJ's decision in a disciplinary proceeding affecting earned-time credits will be affirmed so long as there is 'some evidence' in the record to support it." *State v. Iowa Dist. Ct.*, 888 N.W.2d 655, 668 (Iowa 2016). The "some evidence" standard is a low bar to clear. *Id.* Indeed, the issue "is whether there exists *any evidence at all*, that is, whether there is *any* basis in fact to support the action taken by the prison official." *Mahers v. State*, 437 N.W.2d 565, 570 (Iowa 1989) (citation omitted).

We determine the district court utilized the wrong standard when it overturned the ALJ's decision. It is true, as the district court noted, that contemporaneous notes from SOTP indicate Stoy adequately participated in class. But our standard of review does not task us with independently reviewing the evidence.[2] Instead, we must examine the record to determine whether there is "*any evidence at all*" to support the ALJ's decision. *Id.*

Positive comments about class participation notwithstanding, the record contains evidence that Stoy was acting dishonestly. Incongruity exists between Stoy's assertions that he was so intoxicated as to not remember most of the events underpinning his convictions while also affirmatively denying the victim's description of events. Andrew's generic note detailed that "Stoy has maintained that he doesn't remember much of the lead up, assault, or post-assault details,"

---

[2] The court also noted that the ALJ acted without the benefit of having reviewed a computer voice stress analysis (CVSA). But again, that analysis falls outside the proper standard of review.

including that Stoy asserted he was "not cognizant his entire walk to the apartment through the sexual assault." But at the same time, "Stoy maintained that he did not wait in the apartment for his victim to return after she left. He denies that he forced her into the bedroom. He denies that he manipulated her body to better accommodate his sexual assault." He also denied "hitting, choking, or holding [the victim] down," as the victim attested in her victim impact statement.

Simply put, Stoy's assertions cannot simultaneously be true: He either does not remember the events, or he does remember them sufficiently to contest the victim's statements.[3] Either way, Stoy was being dishonest or, at least, did not fully disclose the details of the offense. Because of the incompatibility of Stoy's statements, there was "some evidence" for the ALJ to determine Stoy had violated the SOTP contract by behaving dishonestly or not fully taking responsibility for his actions. The district court erred in reversing the ALJ determination. Accordingly, we sustain the writ of certiorari.

**WRIT SUSTAINED.**

---

[3] We note that this is true regardless of whether the victim's statements are themselves reliable. *See Iowa Dist. Ct.*, 888 N.W.2d at 669 (finding a victim's statement to police could be used in SOTP classification proceedings because they were sufficiently reliable).